ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Fahim Noori Construction Company ) ASBCA No. 60829
)
Under Contract No. W91B4M-07-C-7167 )

APPEARANCE FOR THE APPELLANT: Mr. Ziaullah Haq
President

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
CPT Douglas A. Reisinger, JA
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON APPELLANT'S REQUESTS FOR RECONSIDERATION OF DISMISSAL ORDER AND REINSTATEMENT OF THE APPEAL

On October 30, 2017, we dismissed the appeal with prejudice, under Board Rule 17, for failure to respond to an order to show cause. *Fahim Noori Construction Co.*, ASBCA No. 60829, 2017 WL 5500567 (Oct. 30, 2017). On March 18, 2018, appellant requested what we interpret as reconsideration of that dismissal and reinstatement of the appeal. *See Mac-In-Erny, Inc.*, ASBCA No. 28689, 88-1 BCA ¶ 20,359 at 102,949, *aff'd*, 862 F.2d 321 (Fed. Cir. 1988) (table). We have not requested a response from the government. *See RECO Rishad Engineering Construction ORG*, ASBCA No. 60444, 17-1 BCA ¶ 36,767 at 179,167.

We sent the dismissal order to appellant on October 31, 2017, to the email address for appellant that we had on file, the same email address from which we had received appellant's September 30, 2016 notice of appeal, and from which we had received correspondence from appellant as late as January 3, 2017. Appellant had 30 days from receipt of the order–until November 30, 2017–to file its motion for reconsideration. Board Rule 20. It did not do so; consequently, the request for reconsideration is untimely.

Appellant blames its "acting agent who [was] supposed [] to deal with [its] claim matters" for failure to respond to the order to show cause, and says that it was not aware of our September 7 order because it has not had control of the email address to which we have been sending Board correspondence (email dtd. 18 March 2018). However, it was appellant's responsibility to keep us informed of its correct mailing address; indeed, failure to do so is grounds to dismiss an appeal with prejudice. *See*

*Manshul Construction Corp.*, ASBCA Nos. 47795, 47797, 02-1 BCA ¶ 31,766 at 156,892. To the extent that appellant relied upon its "acting agent" for notice, appellant is charged with the notice that we sent on October 31, 2017. *See* RESTATEMENT (THIRD) OF AGENCY § 5.03 (2006), *comment a* (a principal is charged with "notice of facts that an agent knows or has reason to know"). Appellant does not even name the "acting agent" it blames (the "acting agent" does not appear to be appellant's president, who is appellant's representative before the Board), does not say when it supposedly lost control of its email, and does not say when it learned of our October 30, 2017 decision. The request for reconsideration is denied.

As for the request for reinstatement of the appeal, dismissal with prejudice under Rule 17 (essentially, for failure to prosecute or comply with Board orders) will be vacated, and an appeal reinstated, only under the most compelling circumstances. *See Manshul*, 02-1 BCA ¶ 31,766 at 156,892 (concerning former Board Rule 31). We see no such circumstances here; indeed, in dicta, we have indicated that under circumstances like these, a similar request, to, in effect, vacate a dismissal order and restore an appeal to the Board's docket would be summarily denied. *See id.* The request for reinstatement of the appeal is denied.

Dated: 24 April 2018

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

2

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60829, Appeal of Fahim Noori Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
